# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| ERIC L. ELLIS | CIVIL ACTION |
| VERSUS | |
| POLICE DEPT. OF IRVING, et al. | NO. 5:21-CV-03211-SMH-KDM |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

**MAY IT PLEASE THE COURT:**

The defendants, the City of Irving ("City," improperly named as the Police Department of Irving) and Lauren Gilmette, through undersigned counsel, submit this Memorandum in Support of Motion to Dismiss, wherein the City and Gilmette respectfully request that they be dismissed with prejudice, alternatively without prejudice to amend, or further in the alternative to transfer venue for the following reasons as more fully described below.

## FACTUAL & PROCEDURAL BACKGROUND

On September 2, 2021, Plaintiff in proper person, Eric L. Ellis, filed the *Plaintiff's Original Complaint* against the Irving Police Department and a purported officer, Lauren Gilmette.[1] Rec. Doc. 1 at 1. Plaintiff contends that the City and Gilmette violated his Fourth Amendment rights due to a search of his vehicle in the early morning of August 4, 2021 without a search warrant. *Id.* at 2-3. Plaintiff contends this action constituted a violation of his Fourth

---

[1] Gilmette is not a police officer, but rather, is an administrative assistant at the police department, who assists in the Open Records Department.

Amendment Rights seeking declaratory relief, damages, punitive damages, judicial interest, and attorney's fees and costs. *Id*. at 3.

On October 19, 2021, the Irving Police Department and Lauren Gilmette were served with summons of this matter. *Referring to* Rec. Doc. 9 and 10.[2] On November 12, 2021, Plaintiff prematurely filed a Motion for Summary Judgment (Rec. Doc. 12) and a Motion for Entry of Default Judgment (Rec. Doc. 13). Around this same time, Defendants engaged undersigned counsel. No Rule 26(f) conference has occurred and there is no scheduling conference or trial date set.

**STANDARD OF LAW**

"Dismissal under Rule 12(b)(6) is appropriate when the plaintiff has failed to allege enough facts to state a claim to relief that is plausible on its face and fails to raise a right to relief above the speculative level." *National Bi-Weekly Admin. Inc. v. Belo Corp.,* 512 F. 3d 137, 140 (5th Cir. 2007). "A legally sufficient complaint does not need to contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). In order to avoid dismissal, for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 667 F. 2d 1045 (5th Cir. 1982).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all

---

[2] Defendants object to and oppose the sufficiency of said service as detailed below herein.

the allegations in the complaint are true (even if doubtful in fact). *In re Katrina Canal Breaches Litigation,* 495 F.3d 191, 205 (5th Cir. 2007).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). If a plaintiff fails to satisfy Rule 8(a), the defendant may move to dismiss the plaintiff's claims for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). To survive such a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual content. *Id.* at 686. In reviewing a motion to dismiss under Rule 12(b)(6), the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to plaintiff. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).

**LAW & ARGUMENT**

*Plaintiff's Original Complaint* fails to state a well-pled cause of action against any proper party-defendant. First, the City of Irving and its officer(s) are entitled to qualified immunity based upon the allegations within the pleading. Second, the Irving Police Department ("IPD") is a non-juridical entity, who cannot be sued or served with summons. Rather, the City of Irving, whose Chief Executive Officer and proper agent for service of process is its mayor. Third, due to the deficiency of the named parties, service of summons was insufficient. Finally, *Plaintiff's Original Complaint* fails to establish personal jurisdiction and venue over the defendants, which

is properly situated in the Northern District of Texas rather than the Western District of Louisiana.

I.     **Qualified Immunity for the City and its Officers Rule 12(b)(1) and 12(b)(6)**

The City and its officers are immune from suit as government officials and employees entitled to qualified immunity from claims against him in his individual capacity.[3] All factual allegations asserted against the City and Gilmette within *Plaintiff's Original Complaint*[4] are attributable to actions taken in furtherance of routine, uniform patrol observations and follow-up. The Supreme Court has determined qualified immunity is both necessary and sufficient to preserve the ability of police officers to function effectively. *See Pierson v. Ray*, 386 U.S. 547 (1966).

The principles of qualified immunity shield an officer from personal liability when an officer reasonably believes that his or her conduct complies with the law. *Pearson v. Callahan*, 555 U.S. 223, 244 (2009). "The touchstone of this [qualified immunity] inquiry is whether a reasonable person would have believed that his conduct conformed to the constitutional standard in light of the information available to him and the clearly established law." *Goodson v. Corpus Christi,* 202 F.3d 730, 736 (5th Cir. 2000). Thus, "[e]ven law enforcement officials who 'reasonably but mistakenly [commit a constitutional violation]' are entitled to immunity." *Id.* (*quoting Hunter v. Bryant,* 502 U.S. 224, 227 (1991)).

Here, Plaintiff asserts that he was detained and his vehicle searched after it was discovered at the Northwest Park Recreation Center, 2800 Cheyenne Street, Irving, Texas 75062 ("the recreation center"). Rec. Doc. 1 at 2, ¶¶4, 8. The recreation center is a public facility owned

---

[3] *See Malley v. Briggs*, 475 U.S. 335, 341 (1986).
[4] Rec. Doc. 1.

4

by the City of Irving.[5] Plaintiff admits that his vehicle was parked at the publicly owned location "in the early morning hours" or before the facility was open to the public. Rec. Doc. 1 at 2, ¶4.

Under the automobile exception to the warrant requirement, "[l]aw enforcement may conduct a warrantless search of an automobile if (1) the officer conducting the search ha[s] probable cause to believe that the vehicle in question contain[s] property that the government may properly seize; and (2) exigent circumstances justif[y] the search." *United States v. Banuelos-Romero*, 597 F.3d 763, 767 (5th Cir. 2010) (citations and internal quotation marks omitted). This exception applies when a vehicle "is found stationary in a place not regularly used for residential purposes"—such as a gas station or convenience store parking lot—because the vehicle is "readily mobile by the turn of an ignition key," and there is a reduced expectation of privacy for vehicles due to the "governmental need for regulation." *California v. Carney*, 471 U.S. 386, 392–93 (1985). The Fifth Circuit has concluded that, under *Carney*, "probable cause *alone* suffices to justify a warrantless search of a vehicle lawfully parked in a public place, as long as the scope of the search is reasonable." *United States v. Cooper*, 949 F.2d 737, 747 (5th Cir. 1991) (quotation omitted; emphasis in original), cert. denied, 504 U.S. 975, (1992).

Exigent circumstances justify a police officer's warrantless search of a vehicle. *U.S. v. Beene*, 212 F.Supp.3d 676, 680 (W.D.La. 2016). Exigent circumstances existed simply by the unauthorized parked vehicle located in the publicly-owned parking lot after hours. Another way of phrasing the question is whether every reasonable officer would find the warrantless search to be in violation of Plaintiff's rights. The City has a direct interest in prohibiting people from being at the park overnight and unsupervised during which time illicit or illegal activity can be conducted.

---

[5] *See* https://www.cityofirving.org/2805/Northwest-Park-Rec-Center.

Based upon Plaintiff's allegations, it was reasonable for the officer(s) to awake Plaintiff, ask questions, and search his vehicle based upon what was observed by the officers and statements made by Plaintiff during the interaction. Plaintiff makes no assertion of false arrest, false imprisonment, or seizure. Accordingly, the actions of the officer(s) were reasonable under the circumstances. Plaintiff's constitutional rights were not violated in any manner despite Plaintiff's conclusory statements. With all inferences in favor of Plaintiff, the City and officer are entitled to qualified immunity under the facts and circumstances herein.

## II.     IPD is not a juridical entity capable of being sued Rule 12(b)(1) and 12(b)(6)

The City of Irving is the proper party-defendant rather than its police department. Rule 17(b) of the Federal Rules of Civil Procedure sets forth the applicable rule for establishing capacity:

> **(b) Capacity to Sue or Be Sued.** Capacity to sue or be sued is determined as follows:
> **(1)** for an individual who is not acting in a representative capacity, by the law of the individual's domicile;
> **(2)** for a corporation, by the law under which it was organized; and
> **(3)** for all other parties, by the law of the state where the court is located, except that:
> > **(A)** a partnership or other unincorporated association with no such capacity under that state's law may sue or be sued in its common name to enforce a substantive right existing under the United States Constitution or laws; and
> > **(B)** 28 U.S.C. §§ 754 and 959(a) govern the capacity of a receiver appointed by a United States court to sue or be sued in a United States court. F.R.C.P. Rule 17(b).

The application of state law for determining legal capacity to sue or be sued is treated the same whether in Louisiana or Texas.[6] The City of Irving is the proper designee vested with the

---

[6] The police department of a home rule municipality under Texas law was not a separate legal entity apart from the city, and thus lacked the legal existence and capacity to be sued for constitutional and civil rights violations under § 1983, where the city charter reserved all the general powers of a city to the city itself and nowhere granted the police department the power to sue or be sued. *Paredes v. City of Odessa*, 128 F.Supp.2d 1009 (W.D.Tex. 2000). Sheriff department was not juridical person capable of being sued under Louisiana or federal law; Louisiana law governed whether the department had capacity to be sued in action alleging denial of adequate medical care for prisoner, department must have qualified as juridical person, juridical person was an entity to which the law


authority to sue and be sued. The City is a Home-Rule Charter municipality pursuant to Article XI, Section 5, of the Texas Constitution. Chapter 29 of the City's Home-Rule Charter outlines the creation and duties of its police department, which is one of more than thirty departments under the City's purview. *Referring to* City of Irving Home-Rule Charter, Chapter 29, Sections 29-1 through 29-9.

IPD, the City's municipal police department, is not separate and distinct from the City, and no organic law grants IPD the legal capacity to function independently. *See Darby v. Pasadena Police Dep't,* 939 F.2d 311, 313 (5th Cir. 1991). In fact, IPD is precisely operating as an agency or division of the City pursuant to its Home-Rule Charter.

As there is no constitutional, state or local law that designates IPD as a legal entity capable of being sued or grants it power to act independently from the City, nothing contradicts the denial of such incapability of IPD as set forth within the City's Home Rule Charter. Accordingly, IPD is not a legal entity capable of being sued, and should be dismissed from this action with prejudice.

### III. Insufficient Service of Process under Rule 12(b)(5)

Plaintiff has effected insufficient service of process for the City and proper service of process on an improperly named individual. For proper service upon a local government entity, Rule 4(j) of the Federal Rule of Civil Procedure states, in pertinent part:

> **(j) Serving a Foreign, State, or Local Government.**
>
> …
>
> **(2)** *State or Local Government.* A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:

---

attributed personality, and department was not legal entity capable of being sued. *Brown v. St. Landry Parish Sheriff's Dept.*, 298 F.Supp.3d 879 (W.D.La. 2018).

**(A)** delivering a copy of the summons and of the complaint to its chief executive officer; or

**(B)** serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant. F.R.C.P. Rule 4(j)(2).

Here, Plaintiff mistakenly named and served the City of Irving's police department rather than the City of Irving itself. Pursuant to Article IV, Section 12 of the City of Irving's Charter, the Mayor is the official head of the city for purpose of service of process. In fact, Section 12 expressly designates the Mayor as such:

> The mayor of the City of Irving shall preside over the meetings of said city council and perform such other duties consistent with the office as may be imposed upon the mayor by this Charter and ordinances and resolutions passed in pursuance hereof. The mayor may participate in the discussion of all matters coming before the council and shall be entitled to vote as a member thereof on all legislative and other matters, but shall have no veto power. The mayor shall sign all contracts and conveyances made or entered into by the city and all bonds issued under the provisions of this Charter. ***The mayor shall be recognized as the official head of the city by courts for the purpose of serving civil process,*** by the governor for the purpose of enforcing military law, and for all ceremonial purposes. In time of danger or emergency, the mayor may with the consent of the council take command of the police and govern the city by proclamation and maintain order and enforce all laws. (Emphasis added). City of Irving Home-Rule Charter, Article IV, Section 12.

Based upon the docket report and minute entries in this matter, the only service that has been attempted has been on the City's Police Department. The express rule for service of process on a local government entity such as the City set forth by Rule 4(j) combined with the Article IV, Section 12 of the City's Charter demonstrates that proper service of process must be completed through its Chief Executive Officer, the Mayor.

Also, Plaintiff named and served an individual, Lauren Gilmette. However, Ms. Gilmette is not a police officer at all, but rather, she is an administrative assistant for the department. Although service may be proper on her, her inclusion in this matter is improper.

### IV. Lack of Personal Jurisdiction under Rule 12(b)(2) and Improper Venue under Rule 12(b)(3)

Plaintiff's allegations are confined to events of August 4, 2021, at a public recreation center in Irving, Texas. Rec. Doc. 1 at 2, ¶4. Plaintiff identifies two party-defendants, who are pled as being located in Irving, Texas. *Id*. at 1, ¶¶2-3. "When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir.1985). When the district court rules on the motion without an evidentiary hearing, the plaintiff may bear his burden by presenting a prima facie case that personal jurisdiction is proper. *Thompson v. Chrysler Motors Corp*., 755 F.2d 1162, 1165 (5th Cir.1985).

Here, there is no contention of fact associated with this Court's jurisdiction or venue. In fact, the section of Plaintiff's Original Complaint designated as such a section is left blank. *Referring to* Rec. Doc. 1 at 2 (top portion of page identified as Section B.). Irving, Texas is situated within the jurisdictional boundaries of the Northern District of Texas. To whatever extent the Court does not dismiss this action with prejudice, transfer of venue is appropriate.

### CONCLUSION

For the foregoing reasons, Plaintiff has failed to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). Accordingly, the defendants, the City of Irving and Lauren Gilmette, pray that its Motion to Dismiss be granted and that Plaintiff's claims against it be dismissed with prejudice at Plaintiff's costs. Alternatively, the City and Gilmette pray that dismissal be without prejudice subject to Plaintiff's amendment of the Complaint. In the further alternative, the City and Gilmette pray that the action be transferred to the proper venue of the Northern District of Texas.

**[SIGNATURE BLOCK ON FOLLOWING PAGE]**

**RESPECTFULLY SUBMITTED:**

**/s/ Michael P. Schillage**
**Michael P. Schillage (#35554)**
8560 Anselmo Lane
Baton Rouge, Louisiana 70810
Telephone:     (225) 490-0023
Email: Michael.schillage@tabarylaw.com

*-And-*

**A.  Gregory Rome (#21062)**
201 Napoleon Street
Baton Rouge, Louisiana 70802
Telephone: (225) 248-1234
Email: greg.rome@romelawbr.com
*Attorneys for City of Irving and Lauren Gilmette*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was this date sent to all counsel of record by electronic mail to the email address listed with the Court's electronic filing system, facsimile, and/or U.S. mail, postage prepaid and properly addressed.  Notice will be emailed and/or mailed to any party or counsel not participating in the Court's CM/ECF system by this date depositing same in the United States Mail, postage prepaid, and properly addressed, namely to:

**Eric L Ellis,** *pro se*
637 Yarbrough St
Bossier City, LA 71111
318-507-5030
Email: ericlamarellis@gmail.com

Baton Rouge, Louisiana this 24th day of November, 2021.

    /s/ Michael P. Schillage
    MICHAEL P. SCHILLAGE