UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**ERIC L. ELLIS**                                    CASE NO.  5:21-CV-03211

**VERSUS**                                           **CHIEF JUDGE S. MAURICE HICKS, JR.**

**POLICE DEPT OF IRVING, ET AL.**                    **MAG. JUDGE KAYLA D. MCCLUSKY**

### MEMORANDUM ORDER

Before the undersigned is a motion to transfer venue, filed by Plaintiff Eric Ellis ("Ellis"), who appears pro se an in forma pauperis.  Defendant City of Irving (the "City") does not oppose the instant motion.  For the reasons assigned below, it is ordered that Ellis's motion be granted, and this case be transferred to the United States District Court for the Northern District of Texas.

### I.    FACTUAL BACKGROUND

On September 2, 2021, Ellis filed a complaint in this Court against the City.[1]  [doc. 1].  In his complaint, Ellis claims that in August 2021, when he was sleeping in his vehicle at a recreation park in Irving, Texas, he was awakened by multiple Irving Police Department officers.  *Id.* at 2.  According to Ellis, the officers asked him to exit his vehicle and proceeded to search it, which, Ellis claims, violated his Fourth Amendment rights.  *Id.* at 3.

On November 24, 2021, the City filed a motion for extension to file a responsive pleading out of time and attached their proposed motion to dismiss for failure to state a claim. [docs. 14-1 & 14-3].  The City's proposed motion to dismiss argued that Ellis's claims must be

---

[1] Ellis also named in his complaint Lauren Gilmette ("Gilmette"); however, Gilmette has since been dismissed.  [doc. 22].

1

dismissed because the City is entitled to qualified immunity and alternatively, because of insufficient service of process and improper venue. [doc. 20-1, p. 3-4].

On November 29, 2021, Ellis filed a motion for leave to amend his complaint. [doc. 16]. On the same day, Ellis filed an opposition to the City's proposed motion to dismiss. [doc. 17].

On December 2, 2021, the undersigned granted the City's motion to file a responsive pleading out of time and on the same day, the City's motion to dismiss was filed in the record. [docs. 19 & 20-1, p. 9].

On December 28, 2021, the undersigned granted Ellis fourteen days to submit a supplemental opposition to the City's motion to dismiss on the grounds that his initial opposition was filed prior to his amended complaint. [doc. 23].

On January 10, 2022, Ellis filed a supplemental opposition to the City's motion to dismiss. [doc. 26]. On the same day, he filed a motion to transfer, which the City does not oppose.[2] [doc. 27].

## II.   LAW AND ANALYSIS

A civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action

---

[2] In fact, the City argued for the transfer of this case as an alternative to dismissal.

may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391.

If a civil action is brought in an improper venue, the district court may either dismiss the action or, in the interest of justice, transfer the action to the appropriate venue. 28 U.S.C. § 1406(a). In fact, even if an action is brought in the proper venue, the district court may still transfer it, in the interest of justice, and for the convenience of the parties and witnesses. 28 U.S.C. § 1404(a).

It appears that the Northern District of Texas is a proper venue in this case. As an initial matter, the City – the sole defendant in this case – is obviously located in Irving, Texas. Moreover, the events giving rise to this suit all occurred in Irving. Because Irving, Texas, is located within the Northern District of Texas, that is a proper venue for this suit.

On the other hand, there is nothing to suggest that the Western District of Louisiana is a proper venue. The City is not located within the Western District of Louisiana, nor did any of the events at issue take place here.[3] Furthermore, the rule which allows an action to be brought

---

[3] In his amended complaint, Ellis alleges that "[v]enue is proper in the Western District of Louisiana pursuant to 28 U.S.C. § 1391(e)." That statute provides:

A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

*Id.* Ellis does reside in the Western District of Louisiana. *See* [doc. 22, p. 1-2]. However, the sole Defendant in this case is municipality, not a federal officer, employee, agency, or the United States itself. Therefore, § 1391(e) does not apply.

in "any judicial district in which any defendant is subject to the court's personal jurisdiction," does not apply because there is another venue in which the case could be brought, and this Court quite certainly does not have personal jurisdiction over the City.

Accordingly,

IT IS ORDERED that the motion to transfer venue [doc. #27] is GRANTED, and the Clerk of Court is directed to transfer this civil action to the United States District Court for the Northern District of Texas.

THUS DONE in Chambers on this 2nd day of February, 2022.

_____
KAYLA DYE MCCLUSKY
UNITED STATES DISTRICT COURT