IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ERIC L. ELLIS,                                §
                                              §
            Plaintiff,                        §
                                              §
V.                                            §          No. 3:22-cv-265-B-BN
                                              §
CITY OF IRVING,                               §
                                              §
            Defendant.                        §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Eric L. Ellis, a resident of Bossier City, Louisiana, alleges, through an amended complaint filed *pro se*, that Defendant City of Irving violated his Fourth Amendment rights through actions taken by its police officers on August 4, 2021. *See* Dkt. No. 22. Ellis initiated this lawsuit in the Western District of Louisiana, which granted his motion for leave to proceed *in forma pauperis* (IFP) and issued summonses. *See* Dkt. Nos. 1-6.

After a motion to dismiss was filed, Ellis filed the amended complaint and moved to transfer venue to this judicial district, a motion the Western District of Louisiana granted on February 2, 2022. *See* Dkt. Nos. 22, 27, 32.

United States District Judge Jane J. Boyle then referred Ellis's lawsuit to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference. And Ellis moved for leave to again amend his complaint on February 7, 2022. *See* Dkt. No. 36.

The undersigned enters these findings of fact, conclusions of law, and

recommendation that the Court should dismiss the amended complaint, deny the motion for leave to amend, deny Ellis's motion to enter default, and terminate as moot the motion to dismiss the original complaint (the FCR). And undersigned observes that the opportunity to file objections to the FCR allows Ellis another opportunity to show the Court why it should allow him to further amend his claims.

## Legal Standards

A district court is required to screen a civil action filed IFP and may summarily dismiss that action, or any portion of the action, "at any time if the court determines that," 28 U.S.C. § 1915(e)(2), it "fails to state a claim on which relief may be granted," *id.* § 1915(e)(2)(B)(ii). "The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

And "[i]t is well-established that a district court may dismiss a complaint on its own motion under [Rule] 12(b)(6) for failure to state a claim upon which relief may granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006) (citing, in turn, *Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984))), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

A district court may exercise its "inherent authority ... to dismiss a complaint on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*,

470 F.3d at 1177 (quoting, in turn, *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)); citation omitted). And the United States Court of Appeals for Fifth Circuit has "suggested that fairness in this context requires both notice of the court's intention to dismiss *sua sponte* and an opportunity to respond." *Id.* (cleaned up; quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007) (quoting, in turn, *Carroll*, 470 F.3d at 1177)); *accord Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) ("The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." (citations omitted)).

Here, notice is provided through the FCR, and the period to file objections to the FCR (further explained below) affords an opportunity to respond. *See, e.g.*, *Starrett*, 2018 WL 6069969, at *2 (citations omitted).

Dismissal for failure to state a claim under either Rule 12(b)(6) or Section 1915(e)(2)(B)(ii) "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam)), as neither the IFP statute nor the Federal Rules of Civil Procedure "countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 574 U.S. at 11.

Instead, plaintiffs need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly

events" that they contend entitle them to relief. *Id.* at 12 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* And "[a] claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context."))).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A

threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

This rationale has even more force here, as "*[p]ro se* complaints receive a 'liberal construction.' Even so, 'mere conclusory allegations on a critical issue are insufficient.'" *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (quoting *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018), then *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989) (per curiam)). Thus, "liberal construction does not require that the Court ... create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013). "To demand otherwise would require the 'courts to explore exhaustively all potential claims of a *pro se* plaintiff'" and would "'transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" *Jones v. Mangrum*, No. 3:16-cv-3137, 2017 WL 712755, at *1 (M.D. Tenn. Feb. 23, 2017) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

## Analysis

I.   Because the amended complaint fails to state a claim on which relief may be granted, the Court should dismiss it.

To allege that the City of Irving (and possibly its police department) violated his Fourth Amendment rights, Ellis's amended complaint sets out the following facts:

> In the early morning of 08/04/2021, Plaintiff was peacefully sleeping in his vehicle in Irving Texas when he was viciously woken at gunpoint by officers of the Irving Police Department.
> The officers ordered him to get out of his vehicle and he respectfully obliged.
> One officer asked him to provide his name, driving license number

and date of birth, which he did.

> The Irving Police Officers didn't give Plaintiff a good reason as to why they woke him up.
>
> The Officers proceeded to interrogate him and ask him several questions as if a crime was being committed.
>
> The Irving Police Officers asked Plaintiff to move away from his car and go sit on the curb nearby. Plaintiff respectfully obliged. He was now detained.
>
> Several Irving Police Department officers proceeded to search Plaintiff's vehicle without a warrant, without probable cause and without reasonably justifiable suspicion that the plaintiff has recently committed a crime, is in the process of committing a crime, or is soon going to commit a crime.

Dkt. No. 22 at 2 (cleaned up).

The Constitution "contemplates searches and seizures based 'upon probable cause,'" *United States v. Bass*, 996 F.3d 729, 737 (5th Cir. 2021) (quoting U.S. CONST. amend. IV), such that "[w]arrantless searches and seizures are presumptively unreasonable, subject to certain exceptions," *United States v. McKinney*, 980 F.3d 485, 490 (5th Cir. 2020) (citing *United States v. Hill*, 752 F.3d 1029, 1033 (5th Cir. 2014)). One such exception is the automobile exception, under which "police may stop and search a vehicle without obtaining a warrant if they have probable cause to believe it contains contraband." *United States v. Leon*, 843 F. App'x 628, 628 (5th Cir. 2021) (per curiam) (quoting *United States v. Beene*, 818 F.3d 157, 164 (5th Cir. 2016); citing *United States v. Fields*, 456 F.3d 519, 523 (5th Cir. 2006)).

> While the automobile exception "is justified by the mobility of vehicles and occupants' reduced expectations of privacy while traveling on public roads," *Beene*, 818 F.3d at 164 (citing *California v. Carney*, 471 U.S. 386, 392-93 (1985)), the exception applies not only to a vehicle when it "is being used on the highways" but also to vehicles that are "readily capable of such and [are] found stationary in a place not regularly used for residential purposes," *Carney*, 471 U.S. at 392.

*Id.* at 629.

And, for the automobile exception to apply, probable cause must be present. *See, e.g., Beene*, 818 F.3d at 164 ("If exigent circumstances were present in this case, those circumstances, taken together with the probable cause created by the exterior dog sniff of Beene's vehicle, would justify the interior search of his vehicle."); *Emesowum v. Cruz*, 756 F. App'x 374, 380 (5th Cir. 2018) (An exception to the Fourth Amendment's warrant requirement "permits police to search a car if they have probable cause to believe it contains contraband or evidence of a crime. As noted, the officers make no argument that they ever had probable cause to believe Emesowum was burglarizing the Mercedes Benz. Nor, on these facts, could we find that the officers had probable cause at the time they searched the car." (citations and footnote omitted)).

Probable cause is defined "as the 'facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" *Piazza v. Mayne*, 217 F.3d 239, 245-46 (5th Cir. 2000) (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)). "The facts must be known to the officer at the time of the arrest" and "must be particularized to the arrestee." *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 204 (5th Cir. 2009) (citations omitted). And a court "will find that probable cause existed if the officer was aware of facts justifying a reasonable belief that an offense was being committed, whether or not the officer charged the arrestee with that specific offense." *Id.* (citation omitted); *accord McLin v. Ard*, 866 F.3d 682, 694 (5th Cir. 2017) ("[P]robable cause is

the 'sum total of layers of information and the synthesis of what police have heard, what they know, and what they observed as trained officers.'" (quoting *United States v. Shaw*, 701 F.2d 367, 376 (5th Cir. 1983) (quoting, in turn, *United States v. Edwards*, 577 F.2d 883, 895 (5th Cir. 1978) (en banc)))).[1]

Taking first Ellis's attempt to assert a claim against the City of Irving, "[a] person may sue a municipality that violates his or her constitutional rights 'under color of any statute, ordinance, regulation, custom, or usage.'" *Hutcheson v. Dall. Cnty., Tex.*, 994 F.3d 477, 482 (5th Cir. 2021) (quoting 42 U.S.C. § 1983; citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)). At the pleading stage, a plaintiff alleging such a *Monell* claim "has two burdens: to [plausibly allege] (1) that a constitutional violation occurred and (2) that a municipal policy was the moving force behind the violation." *Sanchez v. Young Cnty., Tex.*, 956 F.3d 785, 791 (5th Cir. 2020) (citing *Monell*, 436 U.S. at 694); *see also Hutcheson*, 994 F.3d at 483 (rejecting the

---

[1] *See also, e.g.*, *Howell v. Moore*, No. 3:16cv649, 2017 WL 4337102, at *7 (E.D. Va. Sept. 30, 2017) ("The facts alleged in Howell's Amended Complaint simply do not support [the] argument [that the officer reasonably believed that Howell was guilty of a criminal offense]. Howell had pulled into a parking lot, legally parked, and "began to rest" when Officer Moore approached his car. While Howell concedes in his Amended Complaint that he had recently taken Benadryl for his allergies, the record contains no facts suggesting that Officer Moore knew or had reason to know about Benadryl or any other substance. Officer Moore cannot argue facts not properly before the Court. Officer Moore had not seen Howell driving, and nothing suggests a basis to presume intoxication other than that Howell was asleep at 11:30 p.m. in his car. On these facts – in the absence of signs of intoxication (which does not exist in the record) – nothing suggests anything other than that Howell had naturally gotten sleepy, which, of course, is not a crime. Officer Moore's first search did not dispel that innocent explanation. Therefore, based on the facts currently before the Court, Officer Moore lacked the probable cause required for the application of the 'automobile exception' to the Fourth Amendment's warrant requirement." (citations and footnote omitted)).

argument that a district court errs by dismissing a *Monell* claim without first analyzing the underlying constitutional violation).

So, even if Ellis has alleged a plausible constitutional violation, to allege liability as against the City, he must also

> identify "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy (or custom)." *Pineda v. City of Hous.*, 291 F.3d 325, 328 (5th Cir. 2002) (cleaned up). Municipalities are not liable "on the theory of respondeat superior" and are "almost never liable for an isolated unconstitutional act on the part of an employee." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009).

*Hutcheson*, 994 F.3d at 482.

But Ellis neither identifies a policy, custom, or policymaker. Nor does he plausibly allege (explain how) a policy or custom of the City was the moving force behind the alleged violations. *See Brown*, 985 F.3d at 497 & n.11 (noting that where a plaintiff's claim fails as to one prong, a court "need not consider whether [his] claim also fails the other two *Monell* prongs" (citing *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 168-69 (5th Cir. 2010))). *Cf. Poullard v. Gateway Buick GMC LLC*, No. 3:20-cv-2439-B, 2021 WL 2376721, at *8 (N.D. Tex. June 10, 2021) (in which the plaintiff included at least some assertions aimed at the municipality based on the allegedly improper search of his car, but the court still found those allegations insufficient, distinguishing *Mack v. City of Abilene*, 461 F.3d 547 (5th Cir. 2006) (per curiam), as (1) decided prior to *Twombly* and *Iqbal* and (2) because, "since *Mack*," "the Fifth Circuit has become stricter with regard to the sufficiency of allegations to support a municipal custom and reiterated that a plaintiff must allege facts suggesting a

pattern" (citations omitted)).

Further, insofar as Ellis still intends to allege a claim against the Irving police department, *see* Dkt. No. 22 at 1, a plaintiff may not bring a civil action against a servient political agency or department unless that agency or department enjoys a separate and distinct legal existence, *see Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). In *Darby*, the Fifth Circuit held that, "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* at 313. And, as judges in this district have repeatedly recognized, the police departments of Texas cities are not a jural entities subject to suit. *See, e.g.*, *Hagwood v. Dall. Police Dep't*, No. 3:15-cv-2622-L-BN, 2015 WL 6688721, at *3 (N.D. Tex. Sept. 11, 2015), *rec. accepted*, 2015 WL 6690045 (N.D. Tex. Oct. 30, 2015); *see also Combs v. City of Dall.*, 289 F. App'x 684, 686 (5th Cir. 2008) (per curiam) (affirming dismissal of "the DPD as a defendant because it is a servient political department that does not enjoy a separate and distinct legal existence from the City of Dallas," as the plaintiff failed to "show that the City of Dallas granted the DPD the capacity to sue or be sued as a separate and distinct entity" (citing *Darby*, 939 F.2d at 313)).

The amended complaint should therefore be dismissed.

II.    Because the proposed amendment is futile, the Court should deny the motion for leave to file a second amended complaint.

Federal Rule of Civil Procedure 15 "gives plaintiffs a temporary right to amend their complaints," and, even after that right expires, Rule 15 "*requires* courts 'freely

give leave [to amend] when justice so requires.'" *Carver*, 18 F.4th at 498 (citing FED.

R. CIV. P. 15(a)(1), then quoting FED. R. CIV. P. 15(a)(2)).

> "[So, u]nless there is a substantial reason, such as undue delay, bad
> faith, dilatory motive, or undue prejudice to the opposing party, the
> discretion of the district court is not broad enough to permit denial."
> *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States
> of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (internal quotations
> omitted). Similarly, "[a] district court may deny a proposed amendment
> for futility – meaning the amended complaint would fail to state a claim
> upon which relief could be granted." *Villarreal v. Wells Fargo Bank,
> N.A.*, 814 F.3d 763, 766 (5th Cir. 2016) (citing *Stripling v. Jordan Prod.
> Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000)).

*Petty v. Great West Cas. Co.*, 783 F. App'x 414, 414-15 (5th Cir. 2019) (per curiam)

(citation modified); *see also Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016)

("When an amended complaint would still 'fail to survive a Rule 12(b)(6) motion,' it is

not an abuse of discretion to deny the motion'" for leave to amend. (citation omitted)).

Ellis moves for leave to file a second amended complaint to allege claims

against the City and its police department under the Fourth Amendment and the

Administrative Procedures Act, *see* Dkt. No. 36 at 1, 5, based on substantially the

same facts set out above, *see id.* at 1-2. Plus, he adds legal standards applicable to

municipal liability, *see id.* at 3-4, and further alleges:

> that defendants are liable for failure to supervise for excessive force,
> unlawful detention and illegal search and seizure and police misconduct.
>      Plaintiff claims that Defendants failed to supervise the officers
> when the officers were allowed to search, detain and harass the plaintiff
> causing a direct violation of plaintiff's rights. Plaintiff has plead
> sufficient facts to show a causal connection between a lack of supervision
> and a violation of plaintiff's constitutional rights. As to the third
> element, by not supervising the scene, The Irving Police Officers
> disregarded the obvious risk of a constitutional violation, because it is
> well-settled that people have a constitutional right to be free of such
> conduct. Plaintiff's pleadings are further supported by the fact that the
> Officer's conduct does not appear to be mere negligence or gross

negligence, but intentional, as the officers are featured throughout the scenes depicted in the footage.

*Id.* at 4-5.

Ellis's proposed amendment is futile. First, he may not bring a claim under the APA against state actors. *See, e.g.*, *Scott v. Stephens*, No. 3:14-cv-3304-N-BH, 2015 WL 4086919, at *3 (N.D. Tex. July 2, 2015) ("Regardless of whether Petitioner seeks relief under the APA, FOIA, or both, these statutes apply only to federal agencies. Neither statute provides a basis for the relief that he seeks against state officials, so he fails to state a claim." (citations omitted)). And, for the reasons set out above, his Fourth Amendment claims as amended fail to state plausible claims against the City and its police department. For example, insofar as Ellis adds allegations to show municipal liability, they are just legal conclusions, <u>not facts</u> – thus the Court need not accept them as true. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

Nor are these proposed amendments, if considered, enough to plausibly allege municipal liability. *See, e.g.*, *Peña v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018) ("To proceed beyond the pleading stage, a complaint's 'description of a policy or custom and its relationship to the underlying constitutional violation ... cannot be conclusory; it must contain specific facts.'" (quoting *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997); footnote omitted)); *Balle v. Nueces Cnty., Tex.*, 952 F.3d 552, 559 (5th Cir. 2017) ("[P]leadings are sufficient when they make specific factual allegations that allow a court to reasonably infer that a policy or practice exists and that the alleged policy or practice was the moving force behind municipal employees' [alleged constitutional violations]." (citing *Colle v. Brazos Cnty.*,

981 F.2d 237, 245 (5th Cir. 1993))); *Longoria Next Friend of M.L. v. San Benito Indep. Consol. Sch. Dist.*, 942 F.3d 258, 271 (5th Cir. 2019) ("Because the 'specific identity of the policymaker is a legal question that need not be pled,' plaintiffs can state a claim for municipal liability as long as they plead sufficient facts to allow the court to reasonably infer that the [policymaker] either adopted a policy that caused [their] injury or delegated to a subordinate officer the authority to adopt such a policy. In other words, plaintiffs must plead facts that sufficiently connect the [actual] policymaker ... to the allegedly unconstitutional policy." (citing *Groden v. City of Dallas, Tex.*, 826 F.3d 280, 284, 286 (5th Cir. 2016))); *Anokwuru v. City of Hous.*, 990 F.3d 956, 965 (5th Cir. 2021) ("Even resolving all questions of fact and any ambiguity in controlling law in [the plaintiff's] favor, '[i]n order for "liability to attach based on an 'inadequate training' claim, a plaintiff must allege with specificity how a particular training program is defective."'" (quoting *Zarnow*, 614 F.3d at 170 (quoting, in turn, *Roberts v. City of Shreveport*, 397 F.3d at 287, 293 (5th Cir. 2005))); citation omitted); *see generally Dobbins v. City of Dall.*, No. 3:20-cv-1727-K, 2021 WL 4395817 (N.D. Tex. June 24, 2021), *rec. accepted*, 2021 WL 3781927 (N.D. Tex. Aug. 25, 2021).

The Court should therefore deny the pending motion for leave to amend but may still grant Ellis leave to amend. As such, the time to file objections to the FCR allows Ellis an opportunity to explain how he would cure the deficiencies set out in the FCR and thus show the Court that his case should not be dismissed with prejudice at this time and that the Court should instead grant him leave to file another amended complaint. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir.

2021) (per curiam) ("A court should freely give leave to amend when justice so requires, FED. R. CIV. P. 15(a)(2), but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016). If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave. *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002) (affirming denial of leave to amend where plaintiffs 'failed to amend their complaint as a matter of right, failed to furnish the district court with a proposed amended complaint, and failed to alert both the court and the defendants to the substance of their proposed amendment').").

III.   **The Court should dispose of pending motions transferred from the <u>Western District of Louisiana</u>.**

Finally, the Court should deny Ellis's motion for default [Dkt. No. 13] as a motion to dismiss was filed in response to his original complaint, *see* Dkt. No. 20; FED. R. CIV. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead <u>or otherwise defend</u>, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." (emphasis added)). And the Court should terminate the motion to dismiss as moot since Ellis filed an amended complaint and moved to transfer venue in response to defects set out in the motion to dismiss. *Cf. King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." (citation omitted)).

## Recommendation

The Court should dismiss Plaintiff Eric L. Ellis's amended complaint [Dkt. No. 22] under 28 U.S.C. § 1915(e)(2)(B)(ii); deny the motion for leave to file a second amended complaint [Dkt. No. 36]; deny Ellis's motion to enter default [Dkt. No. 13]; and terminate as moot the motion to dismiss the original complaint [Dkt. No. 20].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 8, 2022

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE