IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERIC L. ELLIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-265-B-BN |
| | § | |
| CITY OF IRVING, | § | |
| | § | |
| Defendant. | § | |

**ORDER STRIKING AND UNFILING AMENDED COMPLAINT AND TEMPORARILY LIMITING PLAINTIFF'S ABILITY TO MAKE FURTHER FILINGS**

Plaintiff Eric L. Ellis, a resident of Bossier City, Louisiana, alleges, through an amended complaint filed *pro se*, that Defendant City of Irving violated his Fourth Amendment rights through actions taken by its police officers on August 4, 2021. *See* Dkt. No. 22. Ellis initiated this lawsuit in the Western District of Louisiana, which granted his motion for leave to proceed *in forma pauperis* and issued summonses. *See* Dkt. Nos. 1-6.

After a motion to dismiss was filed, Ellis filed the amended complaint and moved to transfer venue to this judicial district, a motion the Western District of Louisiana granted on February 2, 2022. *See* Dkt. Nos. 22, 27, 32.

United States District Judge Jane J. Boyle then referred Ellis's lawsuit to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference. And Ellis moved for leave to again amend his complaint on February 7, 2022. *See* Dkt. No. 36.

The next day, the undersigned entered findings of fact, conclusions of law, and

recommendation that the Court should dismiss the amended complaint, deny the motion for leave to amend, deny Ellis's motion to enter default, and terminate as moot the motion to dismiss the original complaint [Dkt. No. 38] (the FCR). And Ellis filed the second amended complaint that he moved for leave to file [Dkt. No. 37] (the SAC).

First, Federal Rule of Civil Procedure 15 "gives plaintiffs a temporary right to amend their complaints," and, even after that right expires, Rule 15 "*requires* courts 'freely give leave [to amend] when justice so requires.'" *Carver v. Atwood*, 18 F.4th at 498 (citing FED. R. CIV. P. 15(a)(1), then quoting FED. R. CIV. P. 15(a)(2)). But Ellis has already amended his complaint "once as a matter of course," FED. R. CIV. P. 15(a)(1), *see* Dkt. No. 22. And "[o]nce means once," *Logue v. Patient First Corp.*, 246 F. Supp. 3d 1124, 1127 (D. Md. 2017). The Court therefore STRIKES the SAC and DIRECTS the Clerk of Court to UNFILE this pleading.

Further, although Ellis is not a lawyer, he must prosecute this action in a manner that does not unduly burden the Court, the other parties or participants, or their counsel. *Cf. Dondi Props. Corp. v. Commerce Savs. & Loan Ass'n*, 121 F.R.D. 284 (N.D. Tex. 1988) (available on the Court's website, at http://www.txnd.uscourts.gov/pdf/Notablecases/Dondi.PDF).

Therefore, while Ellis may file objections to the FCR, *see* Dkt. No. 38; 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b), the Court otherwise ORDERS THAT HE MAKE NO FURTHER FILINGS IN THIS ACTION until Judge Boyle rules on the FCR, *cf. Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (There is "power inherent in every court to control the disposition of the causes on its docket with economy of time and

effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."); FED. R. CIV. P. 1 advisory committee's note, 2015 Amendment (noting the amendment of the rule "to emphasize that just as the court should construe and administer these rules to secure the just, speedy, and inexpensive determination of every action, so the parties share the responsibility to employ the rules in the same way").

Failure to comply with this order subjects Ellis to sanctions that include the dismissal of this case. *See* FED. R. CIV. P. 41(b); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016).

SO ORDERED.

DATED: February 8, 2022

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE