IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERIC L. ELLIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-265-B-BN |
| | § | |
| CITY OF IRVING, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Eric L. Ellis, a resident of Bossier City, Louisiana, proceeding *pro se*, alleges, in general, that Defendant City of Irving and its police department violated his Fourth Amendment rights through actions taken by Irving police officers on August 4, 2021. *See, e.g.*, Dkt. No. 22. Ellis initiated this lawsuit in the Western District of Louisiana, which granted his motion for leave to proceed *in forma pauperis* and issued summonses. *See* Dkt. Nos. 1-6. Ellis's lawsuit was transferred to this judicial district. *See* Dkt. Nos. 22, 27, 32. And United States District Judge Jane J. Boyle referred it to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference.

On February 8, 2022, the undersigned entered findings of fact and conclusions of law recommending that the Court dismiss Ellis's amended complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) and deny his motions for leave to file a second amended complaint and to enter default [Dkt. No. 38] (the FCR). While the FCR further explained to Ellis that "the time to file objections to the FCR allows [him] an

opportunity to explain how he would cure the deficiencies set out in the FCR and thus show the Court that his case should not be dismissed with prejudice at this time and that the Court should instead grant him leave to file another amended complaint," *id.* at 13-14 (citing *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam)), Ellis did not file objections. And, on February 28, 2022, Judge Boyle accepted the FCR. *See* Dkt. No. 42.

The same day, Ellis moved for leave to file an amended complaint and filed his proposed second amended complaint. *See* Dkt. Nos. 43, 44.

The proposed second amended complaint repleads claims against the City and its police department under the Fourth Amendment and the Administrative Procedures Act based on the same facts. *Compare* Dkt. No. 44, *with* Dkt. No. 36.

As the Court previously held in this case, Ellis "may not bring a claim under the APA against state actors." Dkt. No. 38 at 12 (citing *Scott v. Stephens*, No. 3:14-cv-3304-N-BH, 2015 WL 4086919, at *3 (N.D. Tex. July 2, 2015) ("Regardless of whether Petitioner seeks relief under the APA, FOIA, or both, these statutes apply only to federal agencies. Neither statute provides a basis for the relief that he seeks against state officials, so he fails to state a claim." (citations omitted))).

The Court also already warned Ellis that, "insofar as [he] intends to allege a claim against the Irving police department, … a plaintiff may not bring a civil action against a servient political agency or department unless that agency or department enjoys a separate and distinct legal existence." *Id.* at 10 at 12 (citing *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991)).

Ellis still has not presented facts in the current proposed amendment that are enough to plausibly allege municipal liability. *Compare* Dkt. No. 36 at 3-5, *with, e.g.*, *Peña v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018) ("To proceed beyond the pleading stage, a complaint's 'description of a policy or custom and its relationship to the underlying constitutional violation ... cannot be conclusory; it must contain specific facts.'" (quoting *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997); footnote omitted)); *Balle v. Nueces Cnty., Tex.*, 952 F.3d 552, 559 (5th Cir. 2017) ("[P]leadings are sufficient when they make specific factual allegations that allow a court to reasonably infer that a policy or practice exists and that the alleged policy or practice was the moving force behind municipal employees' [alleged constitutional violations]." (citing *Colle v. Brazos Cnty.*, 981 F.2d 237, 245 (5th Cir. 1993))); *Longoria Next Friend of M.L. v. San Benito Indep. Consol. Sch. Dist.*, 942 F.3d 258, 271 (5th Cir. 2019) ("Because the 'specific identity of the policymaker is a legal question that need not be pled,' plaintiffs can state a claim for municipal liability as long as they plead sufficient facts to allow the court to reasonably infer that the [policymaker] either adopted a policy that caused [their] injury or delegated to a subordinate officer the authority to adopt such a policy. In other words, plaintiffs must plead facts that sufficiently connect the [actual] policymaker ... to the allegedly unconstitutional policy." (citing *Groden v. City of Dallas, Tex.*, 826 F.3d 280, 284, 286 (5th Cir. 2016))); *Anokwuru v. City of Hous.*, 990 F.3d 956, 965 (5th Cir. 2021) ("Even resolving all questions of fact and any ambiguity in controlling law in [the plaintiff's] favor, '[i]n order for "liability to attach based on an 'inadequate training' claim, a

plaintiff must allege with specificity how a particular training program is defective.""" (quoting *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 170 (5th Cir. 2010) (quoting, in turn, *Roberts v. City of Shreveport*, 397 F.3d at 287, 293 (5th Cir. 2005))); citation omitted); *see generally Dobbins v. City of Dall.*, No. 3:20-cv-1727-K, 2021 WL 4395817 (N.D. Tex. June 24, 2021), *rec. accepted*, 2021 WL 3781927 (N.D. Tex. Aug. 25, 2021).

And, as the Court previously held as to Ellis's claims against the City, he must plausibly allege both a constitutional violation and municipal liability: "At the pleading stage, a plaintiff alleging such a claim [against a municipality] 'has two burdens: to [plausibly allege] (1) that a constitutional violation occurred and (2) that a municipal policy was the moving force behind the violation.'" Dkt. No. 38 at 8-9 (quoting *Sanchez v. Young Cnty., Tex.*, 956 F.3d 785, 791 (5th Cir. 2020); citing *Hutcheson v. Dall. Cnty., Tex.*, 994 F.3d 477, 483 (5th Cir. 2021) (rejecting the argument that a district court errs by dismissing such a claim without first analyzing the underlying constitutional violation)); *see also Poullard v. Gateway Buick GMC LLC*, No. 3:20-cv-2439-B, 2021 WL 2376721, at *8 (N.D. Tex. June 10, 2021).

For these reasons, the Court should deny the motion for leave to amend (to file a second amended complaint) and now dismiss this case with prejudice. *See, e.g., Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) ("When an amended complaint would still 'fail to survive a Rule 12(b)(6) motion,' it is not an abuse of discretion to deny the motion'" for leave to amend. (citation omitted)).

## Recommendation

The Court should deny the motion for leave to file a second amended complaint

[Dkt. Nos. 43, 44] and dismiss this case with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 1, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE